

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 1 1 1970

PATRICIA D. HOWARD
CLERK OF THE PANEL

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT CIVIL ACTIONS )
INVOLVING THE AIR CRASH DISASTER  )   DOCKET NO. 43
NEAR HANOVER, NEW HAMPSHIRE, ON   )
OCTOBER 25, 1968                  )

OPINION AND ORDER

---

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL\*, JUDGES OF THE PANEL

---

PER CURIAM

While making its approach for landing at the Lebanon, New Hampshire Airport, Northeast Airlines flight 946 crashed on Moose Mountain near Hanover, New Hampshire. Thirty-one passengers and two crew members sustained fatal injuries in the crash while eight passengers and a crew member survived. The actions listed on Schedule A have been filed on behalf of surviving passengers and on behalf of the estates of the deceased passengers. Claims have been asserted against Northeast Airlines, Fairchild Hiller Corporation (the manufacturer of the aircraft), Collins Radio Co., Inc., Wilcox Electric Company, Inc.

---

\*  Although he was unable to be present at the hearing held in Washington, D.C., on May 22, 1970, Judge Weigel has with the consent of all parties participated in the decision in this matter.

and Kollsman Instrument Corporation (suppliers of electronic equipment), and the United States of America.

On April 16, 1970, we ordered the parties to show cause why these actions should not be transferred for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407 and a hearing was set for May 22, 1970 to consider such a transfer.

The responses to this order and the arguments presented at the hearing reveal that all parties concede that there are substantial common questions of fact relating to liability. Thus there can be little doubt that transfer to a single district either for pretrial proceedings under section 1407 or for all purposes under section 1404(a)[1] would promote the just and efficient conduct of this litigation and serve the overall convenience of the parties and witnesses. In re *Fairland, Indiana Air Disaster Litigation*, 309 F. Supp. 621 (JPML 1970).

The principal dispute involves the selection of the most appropriate transferee district for conducting coordinated or consolidated pretrial proceedings under section 1407. Although actions are pending in five districts, only two are considered to be appropriate: the Districts of Vermont and

---

[1] One of the actions listed on Schedule A, the *Schneider Case*, has been transferred from the Southern District of New York to the District of New Hampshire under section 1404(a). Transfer of the other actions under section 1407 will not prevent the appropriate court from considering their transfer under section 1404(a) at the completion of coordinated or consolidated pretrial proceedings. In re *Silver Bridge Disaster Litigation*, ____ F. Supp. ____ (JPML 1970) and cases cited therein.

New Hampshire.[2] Vermont is favored only by plaintiffs in actions filed in that district and their principal reason for opposing transfer to New Hampshire is their desire to have Vermont rather than New Hampshire law applied to their claims.

This argument is unpersuasive for two reasons: the transferee court must apply the law of the transfer forum, *Healey v. American Airlines*, ___ F. Supp. ___ (E.D. Kentucky, April 1, 1970) citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964), and these actions are being transferred for pretrial proceedings and must, unless terminated, be remanded at or prior to completion of all pretrial proceedings. The remainder of these plaintiff's argument is directed to the contention that transfer of all actions to the District of Vermont would not greatly inconvenience the defendants or the other plaintiffs. While this may be true, we note that all defendants favor transfer to the District of New Hampshire.[3]

Although there are more actions pending in the District of Vermont than in the District of New Hampshire, three

---

[2] In refusing to permit the action to be maintained as a class action under Rule 23, FRCP, Judge Fullam determined that the Eastern District of Pennsylvania is not a suitable district in which to consolidate this litigation. *Hobbs v. Northeast Airlines*, ___ F. Supp. ___ (E.D. Pennsylvania, May 15, 1970).

[3] One defendant, Collins Radio Company, supports transfer to either district.

- 4 -

other factors lead us to conclude that these actions should be transferred to the District of New Hampshire under section 1407: (1) the crash occurred in the District of New Hampshire and the majority of the witnesses and the electronic instrumentation which may have contributed or caused the crash are located in that district, (2) New Hampshire is said to be the only district in which *all defendants* can be sued by any plaintiff and (3) New Hampshire has already been chosen by one court as the appropriate district for transfer under section 1404(a).[4]

IT IS THEREFORE ORDERED that the actions listed on the attached Schedule A now pending in other districts are hereby transferred to the District of New Hampshire and assigned to the Honorable Hugh H. Bownes for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.[5]

---

[4] See Footnote 1, *supra*.
[5] The written consent of that Court has been filed with the Clerk of the Panel.

DOCKET NO. 43                                          SCHEDULE A

## EASTERN DISTRICT OF PENNSYLVANIA

David D. Hobbs, et al. v. Northeast          Civil Action
Airlines, Inc., et al.                       No. 69-1335

## DISTRICT OF NEW HAMPSHIRE

Patricia-Anne Hillman Gil, etc. v.           Civil Action
Fairchild Hiller Corp., et al.               No. 3053

Charles Bruce Schneider, etc. v.             Civil Action
Northeast Airlines, Inc., et al.             No. 3119

## DISTRICT OF VERMONT

J. William Hudson, etc. v. Northeast         Civil Action
Airlines, Inc., et al.                       No. 5818

Gino Benedini, etc. v. Northeast             Civil Action
Airlines, Inc., et al.                       No. 5819

William Gravel, etc. v. Northeast            Civil Action
Airlines, Inc., et al.                       No. 5839

William Gravel, etc. v. United States        Civil Action
of America                                   No. 5840

Frederick Kipp, etc. v. Northeast            Civil Action
Airlines, Inc., et al.                       No. 5866

Joan M. Watson, etc. v. Northeast            Civil Action
Airlines, Inc., et al.                       No. 5869

Stanley L. Chamberlin, etc. v. Northeast     Civil Action
Airlines, Inc., et al.                       No. 5875

Elizabeth A. McLaughlan, etc. v.             Civil Action
Northeast Airlines, Inc., et al.             No. 5876

Stanley L. Chamberlin, etc. v. Northeast     Civil Action
Airlines, Inc., et al.                       No. 5877

George Collins, etc. v. Northeast            Civil Action
Airlines, Inc., et al.                       No. 5906

## SOUTHERN DISTRICT OF NEW YORK

Claire H. Havelka, etc. v. Northeast         Civil Action
Airlines, Inc.                               No. 69 Civ 3663

DOCKET NO. 43          - 2 -          SCHEDULE A

### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dorothy Cornelius Smith, etc. v. Northeast Airlines, Inc. | Civil Action No. 69 C 263 |
| Katie Dawkins, etc. v. Northeast Airlines, Inc. | Civil Action No. 69 C 1538 |
| Mathew Birnbaum, etc. v. Northeast Airlines, Inc. | Civil Action No. 69 C 1398 |